[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-13277
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 19, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-02755-CV-RLV-1


FAYE COFFIELD,
JASON CROWDER,
BEATRICE WILLIAMS,

                                        Plaintiffs-Appellants,

versus

KAREN C. HANDEL,
in her official capacity as Georgia
Secretary of State and Chairperson of
the Georgia State Election Board,

                                        Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 19, 2010)

Before EDMONDSON and MARCUS, Circuit Judges, and BARBOUR,* District Judge.

PER CURIAM:

Appellant-Plaintiff Coffield sought access to the 2008 general election ballot as an independent candidate to represent Georgia's Fourth Congressional District in the United States House of Representatives. She was not on the ballot. Briefly stated, she was unable to collect a sufficient number of signatures to satisfy Georgia's requirement that an independent candidate submit a nomination petition signed by at least 5% of the total number of registered voters eligible to vote in the last election for the position the candidate seeks. GA. CODE ANN. § 21-2-170. This appeal presents one issue: whether the district court erred when it dismissed Coffield's constitutional challenge for failure to state a claim under Rule 12(b)(6). We conclude it did not.

Coffield claims that Georgia's 5% rule is too burdensome; she alleges no independent candidate for the House of Representations in Georgia has met the requirement since 1964 and that no minor party candidate has ever met it. But she does not allege how many candidates have tried. According to the Complaint, Coffield's own petitioning effort resulted in about 2000 signatures, less than 1% of

*Honorable William Henry Barbour, Jr., United States District Judge for the Southern District of Mississippi, sitting by designation.

2

the eligible pool and about 13,000 signatures short of what the rule required.

Our Court and the Supreme Court have upheld Georgia's 5% rule before. See Jenness v. Fortson, 91 S. Ct. 1970, 1974-76 (1971) (stressing lack of restrictions on write-in candidates and on the obtaining of signatures for nominating petitions); Cartwright v. Barnes, 304 F.3d 1138, 1140-42 (11th Cir. 2002); see also Swanson v. Worley, 490 F.3d 894, 910 (11th Cir. 2007) (upholding Alabama's 3% requirement where no independent or minor party candidate had obtained ballot access when nothing indicated that similar potential candidates had sought ballot access). The pertinent laws of Georgia have not changed materially since the decisions in Jenness and Cartwright were made.

AFFIRMED.